Battle, J.
 

 We are unable to distinguish this case from that of
 
 Maxwell
 
 v. Miller, 11 Ired. Rep. 272. There, the action was for the warranty of the soundness of a slave contained in a bill of sale given by the defendant, to which his wife was the only subscribing witness. It was objected that she could not be a witness, and that the bill of sale did not pass the title for the want of an attesting witness, and for that reason the warranty, which was alleged to be an incident of the sale, was of no validity. The Court held that “admitting the .position, that as between the parties, the title did not pass by the bill of sale, for the want of an attesting witness to be tenable, still the warranty is distinct from that part of the bill of sale which purports to pass the title, and that is no reason why there should be an attesting witness to a covenant or contract of warranty of the soundness of a negro, nor necessity for its registration. And if a warranty be a mere incident of a sale, the title in this case, might have passed by an actual delivery without a bill of sale, and so there was no ground for the objection.” The Court go on to say further, “ that the do.ctrine of a warranty, as applied to real estate, has no sort of application
 
 *389
 
 to tlie warranty of soundness of a chattel. Such a contract may be entirely distinct from, and unconnected with a sale, and will support an action, provided there be a sufficient consideration, although there is no sale to which it may be incident.”
 

 This distinguishes the present from the case of
 
 Gwynn
 
 v.
 
 Setzer, 8
 
 Jones’ Rep. 382, in which it was decided that in an action of deceit for the sale of a slave the plaintiff must prove the sale, and if the contract of sale be evidenced by an attested writing, that must be produced and proved by the subscribing witness, unless its absence be duly accounted for.
 

 Pee CueiaM, Judgment affirmed.